### ELI PENNY v. E. R. BRINK and L. G. ESTES.

A party *may be compelled to attend court*, and be examined in behalf of a co-plaintiff, or a co-defendant, "as to any matter in which he is not jointly interested or liable," &c.; and in such case he is entitled to pay as a witness.

CIVIL ACTION —— Trespass on the case, brought before the enactment of the Code of Civil Procedure, and tried before his Honor, Judge ——, at —— Term, 187–, of the Superior Court of ROWAN County.

The following are the facts relating to the points raised and decided in this Court, so far as they could be gleaned from the imperfect transcript sent to this Court as the record:

The plaintiff, among other things, declared that in 1865, he rented to the defendants his store-house in the town of Lexington, for the purpose of carrying on the business of merchandizing under the name and style of "Brink & Estes." That during the occupation of said store by the defendants, and whilst the same was under their control in accordance with their contract of leasing, they, the defendants, failed to use proper care, and for the want of proper care on their parts, the said store-house was burned, to the great damage of the said plaintiff.

The defendants joined in the plea of the "*General Issue.*" E. R. Brink, one of said defendants, was subpœnaed as a witness, at first for both, to-wit: Brink & Estes; and afterwards, to-wit: from the 16th of October, 1873, he was summoned as a witness for his co-defendant, L. G. Estes. On the trial, he was examined and did testify, as the case states, "*on behalf of the defendants.*" There was a verdict for the defendants.

On the return of the execution issued against the plaintiff for costs, his counsel moved for a rule to re-tax the bill of costs sent out by the Clerk of the Court; and on the hearing it was alleged for the plaintiff that the said E. R. Brink, one of the defendants, was allowed the sum of one one hundred

and sixty-nine dollars and eighty cents, ($169.80,) for his fees and mileage, he being paid as a witness; whereas, he was in attendance both as a party and witness, and examined in behalf of the defendants.

The Court refused the plaintiff's motion, holding that Brink was entitled to pay as a witness, and adjudged accordingly.

From this judgment the plaintiff appealed.

*Clement*, for appellant.
*McCorkle* and *Bailey*, contra.

PEARSON, C. J. The question lies in a nut-shell, and but little can be said on either side.

A party to an action may be examined in his own behalf, C. C. P., sec. 343. In that case he is not entitled to pay as a witness.

A party may be *compelled to attend Court* and be examined in behalf of a co-plaintiff or co-defendant, " as to any matter in which he is not jointly interested or liable," &c. C. C. P., sec. 340. In that case he is entitled to pay as a witness.

We are of opinion upon the facts stated that Brink was examined in his own behalf, and section 343 applies. According to the record, plaintiff brought his action to recover of the defendants, E. R. Brink and L. G. Estes, trading as partners under the name of " Brink & Estes," damages for an injury to certain property leased to them, by reason of their negligence.

So the liability, if any, was joint, and section 340 does not apply. The case sets out that Brink was examined in behalf of the defendants—in fact the interest of the defendants was identical, and Brink could not swear for Estes without swearing for himself.

There is error. Judgment reversed. This opinion will be certified.

PER CURIAM.                    Judgment reversed.